JOHNNIE FLOURNOY, Plaintiff-Appellant, v. AMERITECH, Defendant-Appellee.

Third District    No. 3—03—0516

Opinion filed July 9, 2004.—Rehearing denied September 7, 2004.

Johnnie Flournoy, of Menard, appellant *pro se.*

Mark Lewis, of SBC Legal Department, of Chicago, and Jeffrey S. Taylor, of Spesia, Ayers & Ardaugh, of Joliet, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Johnnie Flournoy, filed a complaint against the defendant, Ameritech, alleging fraud and negligence. Ameritech filed a motion to dismiss the complaint pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (Code) (735 ILCS 5/2—615, 2—619 (West 2002)). The trial court granted Ameritech's motion and dismissed the complaint. Flournoy appeals, contending that the trial court erred in dismissing his complaint. We reverse and remand for further proceedings.

## FACTS

In his complaint, Flournoy alleged that he was incarcerated at Joliet Correctional Center. From 1998 until 2001, Ameritech provided telephone service to the prison for use by inmates. Under the rate structure, any person who accepted a collect telephone call from an inmate was subject to an initial calling fee and a surcharge for accepting the call. Flournoy alleged that his collect telephone calls were often deliberately cut off only minutes after they were accepted. Therefore, he was forced to make another collect call to the same person. Flournoy alleged that he sent money to his mother every month to cover the cost of his collect calls.

Based on these allegations, Flournoy asserted that Ameritech fraudulently collected multiple initial calling fees and surcharges from the people he called due to its practice of prematurely terminating his collect calls. Flournoy also asserted that Ameritech was negligent in operating a telephone system that prematurely terminated telephone calls and resulted in multiple initial calling fees and surcharges to its customers. Flournoy alleged personal and monetary damages and demanded judgment against Ameritech in an amount in excess of $50,000, along with costs and attorney fees.

Ameritech filed a motion to dismiss the complaint under sections 2—615 and 2—619 of the Code. The trial court granted the motion, and dismissed Flournoy's complaint.

## DISCUSSION

On appeal, Flournoy contends that the trial court erred in granting Ameritech's motion to dismiss. Initially, Ameritech asserts that the circuit court lacked jurisdiction to hear Flournoy's claim.

■ Under the Public Utilities Act (Act) (220 ILCS 5/1—101 *et seq.* (West 2002)), the Illinois Commerce Commission (Commission) has exclusive jurisdiction over complaints concerning excessive rates or overcharges by public utilities. *Village of Evergreen Park v. Commonwealth Edison Co.*, 296 Ill. App. 3d 810, 695 N.E.2d 1339 (1998). The Act provides that the Commission may order a public utility to make due reparation to a complainant if the Commission finds that the public utility has charged an excessive or unjustly discriminatory rate for its service. 220 ILCS 5/9—252 (West 2002).

■ In determining whether an action falls within the exclusive jurisdiction of the Commission, courts have consistently focused on the nature of the relief sought rather than the basis for seeking relief. *Village of Evergreen Park*, 296 Ill. App. 3d 810, 695 N.E.2d 1339; *City of Chicago ex rel. Thrasher v. Commonwealth Edison Co.*, 159 Ill. App. 3d 1076, 513 N.E.2d 460 (1987). If the plaintiff's action is for reparations, the Commission has exclusive jurisdiction. However, if the action is for civil damages, then the circuit court may hear the case. *Village of Evergreen Park*, 296 Ill. App. 3d 810, 695 N.E.2d 1339; *Thrasher*, 159 Ill. App. 3d 1076, 513 N.E.2d 460.

A claim is for reparations when the essence of the claim is that a utility has charged too much for a service. *Village of Evergreen Park*, 296 Ill. App. 3d 810, 695 N.E.2d 1339; *Thrasher*, 159 Ill. App. 3d 1076, 513 N.E.2d 460. In contrast, a claim is for ordinary civil damages when the essence of the claim is not that the utility has excessively charged but, rather, that the utility has done something else to wrong the plaintiff. *Village of Evergreen Park*, 296 Ill. App. 3d 810, 695 N.E.2d 1339; *Thrasher*, 159 Ill. App. 3d 1076, 513 N.E.2d 460.

■ In this case, the essence of Flournoy's claim is that Ameritech deliberately terminated his collect telephone calls prematurely, forcing him to call the same person again. As a consequence, his family members were charged multiple surcharges and initial calling fees for accepting his collect calls. Flournoy does not contest the actual rates charged as surcharges and initial calling fees, or claim those rates are excessive. Instead, his claim is that Ameritech collected the charges multiple times due to its practice of prematurely terminating his collect calls. Flournoy is seeking damages due to the alleged fraud and negligence that resulted in multiple surcharges and initial calling fees. Based on these circumstances, we find that Flournoy's claim is for civil damages. Accordingly, his claim is within the jurisdiction of the circuit court.

We also find that Flournoy has adequately stated a cause of action of consumer fraud in his complaint. A section 2—615 motion to dismiss attacks the legal sufficiency of a complaint and presents the issue of whether the complaint states a cause of action upon which relief can be granted. 735 ILCS 5/2—615 (West 2002); *Weiss v. Waterhouse Securities, Inc.*, 335 Ill. App. 3d 875, 781 N.E.2d 1105 (2002). In ruling upon a section 2—615 motion to dismiss, the court must determine whether the allegations of the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a claim upon which relief can be granted. *Givot v. Orr*, 321 Ill. App. 3d 78, 746 N.E.2d 810 (2001). The standard of review for granting a section 2—615 motion to dismiss is *de novo. Krilich v. American National Bank & Trust Co. of Chicago*, 334 Ill. App. 3d 563, 778 N.E.2d 1153 (2002).

■ The Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce. 815 ILCS 505/2 (West 2000). To state a private cause of action under the Consumer Fraud Act, the plaintiff must allege: (1) a deceptive act or practice by the defendant; (2) that the defendant intended for the plaintiff to rely on the deception; (3) that the deception occurred in the conduct of a trade or commerce; (4) that the plaintiff suffered actual damages; and (5) that the damages were proximately caused by the deceptive conduct. *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 776 N.E.2d 151 (2002).

In this case, Flournoy alleged that Ameritech fraudulently collected multiple initial calling fees and surcharges due to its practice of deliberately terminating his collect telephone calls. Flournoy's allegations indicate that Ameritech engaged in a deceptive practice of intentionally terminating calls for the purpose of collecting multiple fees and surcharges. The allegations that Ameritech billed for the

multiple fees and surcharges indicate that it intended for customers to rely on the deception and pay the multiple fees and surcharges. The deceptive practice alleged by Flournoy occurred in the conduct of commerce. Finally, Flournoy alleged that he sent money to his mother to cover the cost of the charges billed by Ameritech. These allegations were sufficient to show that Flournoy suffered actual damages that were proximately caused by the deceptive practice. Viewing the allegations in the light most favorable to the plaintiff, we conclude that the complaint sufficiently states a cause of action under the Consumer Fraud Act.

Ameritech contends that Flournoy's claims are barred by the voluntary payment doctrine because the initial calling fees and surcharges were voluntarily incurred and paid.

■ The voluntary payment doctrine provides that, absent fraud, misrepresentation or mistake of fact, money that is voluntarily paid under a claim of right to the payment and with full knowledge of the facts by the payer cannot be recovered unless the payment was made as a result of compulsion. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 639 N.E.2d 1282 (1994); *Jenkins v. Concorde Acceptance Corp.*, 345 Ill. App. 3d 669, 802 N.E.2d 1270 (2003). In *Jenkins*, the First District Appellate Court found that the voluntary payment doctrine barred any recovery by the plaintiffs. *Jenkins*, 345 Ill. App. 3d 669, 802 N.E.2d 1270. The court concluded that the plaintiffs did not allege fraud sufficient to defeat the voluntary payment doctrine because their claim under the Consumer Fraud Act was based on an unfair practice rather than deception or fraud. *Jenkins*, 345 Ill. App. 3d 669, 802 N.E.2d 1270.

■ In this case, we have concluded that Flournoy alleged a deceptive practice under the Consumer Fraud Act. His cause of action is in the nature of fraud. Accordingly, we find that the voluntary payment doctrine does not bar Flournoy's claim.

■ Ameritech also asserts that the trial court lacked the authority to award Flournoy relief because he challenged the actual rates of the fees and surcharges. Additionally, Ameritech contends that Flournoy's claims are barred by the "filed rate doctrine" because he challenges the rates of the fees and surcharges that were established by tariff.

These contentions essentially repeat Ameritech's argument challenging the trial court's jurisdiction. As previously discussed, Flournoy does not contest the actual rates charged as fees and surcharges. Rather, he seeks relief based on Ameritech's alleged deceptive practice of intentionally terminating his collect telephone calls, thereby causing him to incur multiple initial calling fees and surcharges for a single collect call. We conclude that the trial court has jurisdiction and the authority to award relief based on these allegations.

Finally, Flournoy contends that the judgment should be reversed because the proceedings in the trial court were unfair in several respects. Because we have found that the trial court erred in granting Ameritech's motion to dismiss the complaint, we will not consider these procedural arguments.

## CONCLUSION

For the foregoing reasons, the judgment of the Will County circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

SLATER and McDADE, JJ., concur.