2025 IL App (1st) 250307
Opinion filed November 25, 2025

Second Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ROBERT S. HELD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 24 M1 014125 |
| CEDRICK STANBACK, FREDERICK STANBACK, | ) | |
| ISAIAH D. STANBACK, ISHMAEL STANBACK, | ) | |
| MYESHA GARRETT, and NICOR GAS COMPANY, | ) | Honorable |
| | ) | Aileen Bhandari, |
| Defendants | ) | Judge, presiding. |
| | ) | |
| (Nicor Gas Company, Defendant-Appellee). | ) | |

PRESIDING JUSTICE VAN TINE delivered the judgment of the court, with opinion.
Justices McBride and D.B. Walker concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff Robert S. Held appeals from the circuit court's dismissal of his complaint against

defendant Nicor Gas Company (Nicor). Plaintiff alleged that Nicor charged him for natural gas

service at a property that he neither owned nor lived at and then terminated gas service at his actual

residence based on his refusal to pay the added charges to his gas bill. The court dismissed

plaintiff's complaint pursuant to section 2-619(a)(1) of the Code of Civil Procedure (735 ILCS

5/2-619(a)(1) (West 2024)), finding that the Illinois Commerce Commission (Commission) had exclusive jurisdiction over his claims against Nicor. For the following reasons, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3      The record on appeal does not include reports of proceedings. We take the following facts from the common law record. Plaintiff has proceeded *pro se* throughout this case, including in this appeal.

¶ 4      On August 22, 2024, plaintiff filed a complaint in the circuit court against Nicor and five individual defendants: Cedrick Stanback, Frederick Stanback, Isaiah Stanback, Ishmael Stanback, and Myesha Garrett. Nicor is a public utility company that supplies natural gas throughout northern Illinois. Plaintiff alleged that the individual defendants resided on the 2200 block of Hutchinson Road in Flossmoor, Illinois, as tenants of Maestro Properties, LLC (Maestro). Plaintiff's wife and children were members of Maestro, but plaintiff was not. Plaintiff lived on the 3100 block of Redwood Court in Flossmoor and never resided at the Hutchinson Road property.

¶ 5      According to plaintiff, in October 2023, the individual defendants stole his wife's identity and, posing as her, asked Nicor to initiate a payment plan under her name. Nicor did so and added charges for gas service at the Hutchinson Road property to plaintiff's gas bill for the Redwood Court property. When plaintiff refused to pay the additional charges, Nicor disconnected gas service at Redwood Court even though plaintiff was current on his gas bill for that property.

¶ 6      Plaintiff's complaint pled two counts. Count I named all defendants and alleged that (1) the individual defendants should pay for their own gas usage at the Hutchinson Road property, (2) Nicor should stop billing plaintiff for gas usage at the Hutchinson Road property, and (3) Nicor should reconnect gas service at the Redwood Court property. Count I also sought plaintiff's "legal

fees" and "exemplary damages." Count II, which is not at issue in this appeal, named only the individual defendants and sought $786.44 for unpaid water bills at the Hutchinson Road property.

¶ 7 Nicor moved to dismiss plaintiff's complaint pursuant to section 2-619(a)(1) of the Code of Civil Procedure. Nicor argued that plaintiff's claims arose from billing disputes and disconnection of gas service, which fell under the Commission's exclusive jurisdiction. Nicor contended that the circuit court would have jurisdiction only if plaintiff first obtained an order from the Commission and Nicor refused to comply with it.

¶ 8 As to the individual defendants, only Myesha Garrett appeared. She moved to dismiss the four other individual defendants, arguing that she was the only tenant on the lease for the Hutchinson Road property.

¶ 9 While the motions to dismiss were pending in the circuit court, plaintiff filed a *pro se* complaint against Nicor before the Commission. That complaint alleged that Nicor disconnected gas service at plaintiff's Redwood Court property even though he was current on his gas bill. Plaintiff requested the Commission to order Nicor to reconnect his gas service.

¶ 10 Plaintiff also filed an emergency motion in the circuit court seeking an injunction ordering Nicor to reconnect gas service at the Redwood Court property. Plaintiff contended that the circuit court had jurisdiction to issue an injunction pursuant to section 2-209 of the Code of Civil Procedure (735 ILCS 5/2-209 (West 2024)) because Nicor transacts business in Illinois. In response to plaintiff's emergency motion, Nicor again argued that the Commission, not the circuit court, had exclusive jurisdiction over plaintiff's complaint regarding the disconnection of gas service to his Redwood Court property. The circuit court denied plaintiff's emergency motion, finding that it had "no jurisdiction to require Nicor to turn on gas service."

¶ 11   Thereafter, plaintiff filed a response to Nicor's section 2-619(a)(1) motion to dismiss. Plaintiff argued that his complaint did not allege a billing dispute. Rather, it alleged (1) breach of contract for Nicor billing the individual defendants' gas usage to plaintiff and (2) illegal disconnection of plaintiff's gas to coerce him to pay the individual defendants' gas bills. In addition, plaintiff contended that the circuit court and the Commission had "concurrent jurisdiction," so he could bring his claims in either or both forums.

¶ 12   Nicor's reply argued that the Commission had exclusive jurisdiction because plaintiff's complaint alleged only "a billing dispute for utility service"; namely, Nicor's "transfer of an unpaid balance from" the Hutchinson Road property to the Redwood Court property "and the subsequent disconnection of gas service at the Redwood address due to [plaintiff's] non-payment of the outstanding balance." Nicor also argued that plaintiff implicitly conceded that the Commission was the proper forum for this billing dispute, as he filed a complaint with the Commission, "participated in three [Commission] status hearings," and was awaiting an evidentiary hearing before the Commission.

¶ 13   On December 16, 2024, the circuit court entered the following order:

> "Motion to Dismiss as to all claims and counts of the complaint as to Nicor Gas Company is hereby granted. Plaintiff has indicated the relief he prayed for, having the Gas turned on at the Redwood Address has been granted and a complaint has been filed with the Illinois Commerce Commission regarding the billing issues.
>
> This order is Final and Appealable as to Defendant Nicor Gas Co.

This matter is continued to January 24, 2025 at 11AM for remaining defendant's [*sic*] for hearing pursuant to Rule 286."[1]

¶ 14    On January 3, 2025, plaintiff moved to modify the December 16, 2024, order by adding language pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). Specifically, plaintiff asked the court to add language that "there [was] no just reason for delaying either enforcement or appeal or both." See *id.* Plaintiff cited *Palmolive Tower Condominiums, LLC v. Simon*, 409 Ill. App. 3d 539 (2011), for the proposition that merely stating that the December 16, 2024, order was "[f]inal and [a]ppealable" was insufficient to invoke Rule 304(a). In addition, plaintiff requested that the court delete the characterization of his complaint before the Commission as addressing "billing issues" because that complaint actually addressed disconnection of gas service.

¶ 15    On January 17, 2025, the circuit court denied plaintiff's request to add language that "[t]here [was] no just reason for delaying enforcement or appeal or both." The court cited *In re Application of the Du Page County Collector*, 152 Ill. 2d 545 (1992), as its basis for denying Rule 304(a) language but did not otherwise explain its decision. In addition, the court granted plaintiff's request to delete the language characterizing his complaint before the Commission as raising "billing issues."

¶ 16    On January 24, 2025, the circuit court entered an agreed order dismissing the individual defendants except for Myesha Garrett, whom the court ordered to pay plaintiff $2,700. The court retained jurisdiction to enforce the order and took the case off call.

---

[1]Rule 286 governs trials and hearing in small claims cases. Ill. S. Ct. R. 286 (eff. Feb. 2, 2023).

¶ 17 On February 18, 2025, plaintiff filed a notice of appeal pursuant to Illinois Supreme Court Rule 303 (eff. July 1, 2017), which challenged the circuit court's orders of December 16, 2024, January 17, 2025, and January 24, 2025.

¶ 18                                II. ANALYSIS

¶ 19 On appeal, plaintiff challenges the circuit court's dismissal of his claims against Nicor pursuant to section 2-619(a)(1) for lack of subject matter jurisdiction.

¶ 20                          A. Appellate Jurisdiction

¶ 21 Nicor has moved to dismiss this appeal for lack of jurisdiction, arguing that plaintiff failed to file a timely notice of appeal.

¶ 22 An appellant must file a notice of appeal within 30 days of the entry of the final judgment. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). A final judgment "terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof." *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998). The 30-day deadline for filing a notice of appeal can apply, in some circumstances, when an order is final as to some, but not all, of the parties or claims. Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). In any case, without a timely filed notice of appeal, we have no jurisdiction over the appeal and must dismiss it. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213-18 (2009).

¶ 23 Nicor argues that the December 16, 2024, order specified that it was "[f]inal and [a]ppealable," so plaintiff's notice of appeal was due 30 days thereafter, on January 15, 2024. Plaintiff filed his notice of appeal on February 18, 2025, which Nicor contends was untimely and deprives this court of jurisdiction. Plaintiff argues that the December 16, 2024, order was not appealable because it did not resolve all claims against all defendants and it lacked proper Rule

304(a) language. Plaintiff maintains that the January 24, 2025, order was the final and appealable order, and he timely appealed from that order.

¶ 24   We must determine which of the circuit court's orders started the 30-day clock for plaintiff to file his notice of appeal. The first candidate is the December 16, 2024, order. That order dismissed "all claims and counts of the complaint *as to Nicor*" (emphasis added), but Nicor was not the only defendant in this case. The individual defendants were still in the case, and the December 16, 2024, order contemplated further proceedings involving them. Generally, "where a final judgment relates to fewer than all of the parties or claims involved in an action, that judgment is not appealable." *Navigators Specialty Insurance Co. v. Onni Contracting (Chicago), Inc.*, 2022 IL App (1st) 210827, ¶ 12 (citing *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502-03 (1997)). Applying that general rule, the December 16, 2024, order was not appealable and did not start the 30-day clock.

¶ 25   The exception to the general rule is Rule 304(a), which Nicor contends applies here. Rule 304(a) provides that

> "[i]f multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims *only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both*. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable ***." (Emphasis added.) Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 26   Consistent with the final sentence of Rule 304(a), a "circuit court order accompanied by language indicating that it is 'final and appealable,' but not referencing immediate appeal, the justness of delay, or Rule 304(a)," does not invoke Rule 304(a). *Palmolive Tower Condominiums, LLC*, 409 Ill. App. 3d at 544. Rather, "a circuit court's declaration that an order is 'final and appealable' amounts to nothing more than a nonbinding interpretation." *Id.* The December 16, 2024, order stated only that it was "[f]inal and [a]ppealable" as to Nicor. It did not mention Rule 304(a), an immediate appeal, or the justness of delay of enforcement or appeal. Therefore, the December 16, 2024, order did not invoke Rule 304(a), was not appealable, and did not start the 30-day clock for plaintiff to file a notice of appeal. See *id.*

¶ 27   Importantly, when plaintiff filed a motion asking the circuit court to include proper Rule 304(a) language, the court declined to do so. The circuit court's denial of plaintiff's request to add Rule 304(a) language suggests that whatever the court meant by "[f]inal and [a]ppealable," it did not intend to invoke Rule 304(a). See *Gateway Auto, Inc. v. Commercial Pallet, Inc.*, 2023 IL App (1st) 230185, ¶ 25 ("Although reviewing courts allow for some leeway in the language that a trial court may use to invoke Rule 304(a), the record must include some indication that the trial court's intent was to invoke that rule.").

¶ 28   The only order that could have started the 30-day clock for plaintiff to appeal was the January 24, 2025, order. That order resolved all remaining claims against the individual defendants, entered a money judgment against Garrett, and removed this case from the circuit court's call. Therefore, the January 24, 2025, order was the final and appealable order. See *Schaffer v. Greenview Home Builders & Cabinetry Designers, Inc.*, 2020 IL App (2d) 190230, ¶ 30 (an order is final *and* appealable if it "dispose[s] of all remaining claims as to all remaining parties in

the lawsuit"). Even if the December 16, 2024, order was final as to Nicor, it did not become appealable until all claims in this multiclaim litigation were resolved, and that occurred on January 24, 2025. See *Gateway Auto*, 2023 IL App (1st) 230185, ¶ 24. Plaintiff had to file his notice of appeal within 30 days of that order, by February 24, 2025.[2] See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Plaintiff timely filed his notice of appeal on February 18, 2025.

¶ 29    The circuit court cited *Application of Du Page County Collector*, 152 Ill. 2d 545, when it denied plaintiff's request to add proper Rule 304(a) language. In that case, our supreme court held that a Rule 304(a) "finding is sufficient to establish appellate jurisdiction if it refers to either the judgment's *immediate* enforceability or its *immediate* appealability." (Emphases added.) *Id.* at 550. The December 16, 2024, order did not mention immediacy. It stated only that the circuit court's order with respect to Nicor was "[a]ppealable." As this case illustrates, the December 16, 2024, order was *eventually* appealable—as we consider its merits below—but not *immediately* appealable because it did not resolve all claims in the case and did not include the requisite Rule 304(a) language. This court has consistently followed *Palmolive*'s holding that "a circuit court order accompanied by language indicating that it is 'final and appealable,' but not referencing immediate appeal, the justness of delay, or Rule 304(a), does not trigger the rule" (*Palmolive*, 409 Ill. App. 3d at 544). See, *e.g.*, *Gateway Auto*, 2023 IL App (1st) 230185, ¶ 29; *In re Marriage of Sanchez*, 2018 IL App (1st) 171075, ¶ 27. Accordingly, we have jurisdiction over this appeal. We deny Nicor's motion to dismiss this appeal for lack of jurisdiction.

¶ 30                     B. Dismissal Pursuant to Section 2-619(a)(1)

---

[2]Thirty days after January 24, 2025, was Sunday, February 23, 2025, so the appeal deadline fell on the next business day, Monday, February 24, 2025. See 5 ILCS 70/1.11 (West 2024).

¶ 31 Plaintiff contends that the circuit court erred in finding that the Commission had exclusive jurisdiction over his claims against Nicor. Specifically, plaintiff argues that his complaint alleged "tortious conduct (negligence, wrongful termination of gas service) and s[ought] exemplary damages outside the [Commission's] jurisdiction."

¶ 32 The circuit court dismissed plaintiff's claims against Nicor pursuant to section 2-619 of the Code of Civil Procedure. A section 2-619 motion to dismiss admits the legal sufficiency of the complaint but raises defects, defenses, or other matters that defeat the claim. 735 ILCS 5/2-619 (West 2024); *Goral v. Dart*, 2020 IL 125085, ¶ 27. Section 2-619(a)(1) allows a circuit court to dismiss an action for lack of subject matter jurisdiction. 735 ILCS 5/2-619(a)(1) (West 2024). We review *de novo* a circuit court's dismissal for lack of subject matter jurisdiction pursuant to section 2-619(a)(1). *Sheffler v. Commonwealth Edison Co.*, 2011 IL 110166, ¶ 23.

¶ 33 The Public Utilities Act created the Commission and charged it with "general supervision of all public utilities." 220 ILCS 5/2-101, 4-101 (West 2024). The Commission "is the administrative agency responsible for setting the rates utilities charge their customers." *United Cities Gas Co. v. Illinois Commerce Comm'n*, 163 Ill. 2d 1, 11 (1994). The Commission has exclusive jurisdiction to hear complaints regarding excessive charges for utilities. 220 ILCS 5/9-252 (West 2024). In such cases, the Commission can order a utility company to pay a customer "reparation[s]" or refunds for charging excessive rates. *Id.* §§ 9-252, 9-252.1; *Sheffler*, 2011 IL 110166, ¶ 41. Because the Commission has exclusive jurisdiction over such cases, a utility customer must first seek relief before the Commission before suing the utility company in court. *Sheffler*, 2011 IL 110166, ¶¶ 41-42.

¶ 34    In addition, the sections of the Illinois Administrative Code that regulate utilities and govern proceedings before the Commission define the Commission's jurisdiction. *Greenside Properties, LLC v. Peoples Gas Light & Coke Co.*, 2017 IL App (1st) 162821, ¶¶ 17-19. The Administrative Code regulates what utility companies may and may not do, and it implicitly places disputes regarding those issues within the Commission's jurisdiction. For example, the Administrative Code prohibits a utility company from holding a "landlord/property manager responsible for an amount owing to the utility by any tenant." 83 Ill. Adm. Code 280.35(d) (2014). Therefore, a claim that a utility company improperly billed a landlord instead of a tenant falls within the Commission's jurisdiction. *Greenside Properties*, 2017 IL App (1st) 162821, ¶ 17.

¶ 35    By contrast, the circuit court has jurisdiction over relief beyond "reparations" for excessive utility charges. 220 ILCS 5/5-201 (West 2024). In addition, if a utility company does not comply with the Commission's order to pay reparations, the utility customer can sue the utility company in the circuit court. *Village of Evergreen Park v. Commonwealth Edison Co.*, 296 Ill. App. 3d 810, 813 (1998).

¶ 36    To summarize, "if a claim is for reparations, jurisdiction is in the Commission, while jurisdiction of an action for civil damages lies in the circuit court." *Sheffler*, 2011 IL 110166, ¶ 42. Generally, "a claim is for reparations when the essence of the claim is that a utility has charged too much for a service, while a claim is for civil damages when the essence of the complaint is that the utility has done something else to wrong the plaintiff." *Id.* In determining whether the Commission or the circuit court has jurisdiction, "courts focus on the nature of the relief sought rather than the basis for seeking relief." *Id.* ¶ 50.

¶ 37    In this case, plaintiff's complaint sought an order requiring Nicor to bill the individual defendants for gas at the Hutchinson Road property and to remove those charges from plaintiff's gas bill for the Redwood Court property. These forms of relief stemmed from Nicor's billing practices. Plaintiff complained that Nicor billed him for gas at a property he did not own or live at, thereby overcharging him for gas at his actual residence. Such a claim falls within the Commission's jurisdiction. See 220 ILCS 5/9-252, 9-252.1 (West 2024); *Sheffler*, 2011 IL 110166, ¶ 41.

¶ 38    Similarly, a claim that a utility company billed the wrong person falls within the Commission's jurisdiction. See *Greenside Properties*, 2017 IL App (1st) 162821, ¶¶ 16-17. As explained above, the Illinois Administrative Code clarifies the Commission's jurisdiction (*id.* ¶¶ 17-18), and the Administrative Code governs how a utility may "transfer a balance owing from one premises account to another" (83 Ill. Adm. Code 280.50(f) (2014)). That is what Nicor allegedly did here: it transferred the individual defendants' gas bill to plaintiff's gas bill. The Commission has exclusive jurisdiction over plaintiff's claim seeking correction of that bill transfer.

¶ 39    In addition, the Administrative Code governs how, why, and when a utility may disconnect and reconnect service. 83 Ill. Adm. Code 280.130, 280.170 (2014). Plaintiff's complaint alleged that Nicor wrongfully disconnected his gas service at the Redwood Court property. The remedy he sought (and received) was Nicor reconnecting gas service. The Commission had exclusive jurisdiction over that claim as well.

¶ 40    Finally, Plaintiff's complaint sought "damages stemming from the lack of gas at Redwood," his "legal fees," and "exemplary damages," which are also known as punitive damages. See *Loitz v. Remington Arms Co.*, 138 Ill. 2d 404, 414 (1990). But just because a plaintiff's

complaint *alleges* damages does not place it outside the Commission's jurisdiction. *Sheffler*, 2011 IL 110166, ¶ 50. In this case, the relief plaintiff sought was (1) a change in who and how much Nicor billed for gas at the Hutchinson Road and Redwood Court properties and (2) reinstatement of disconnected gas service at the Redwood Court property. Both forms of relief were within the Commission's jurisdiction. See *State ex rel. Pusateri v. Peoples Gas Light & Coke Co.*, 2014 IL 116844, ¶ 19 (even if a plaintiff seeks "a mix of penalty and damages," his complaint falls within the Commissions' jurisdiction if the essence of his claim is that the utility company charged him too much for gas service). Therefore, all of plaintiff's claims and all the relief he sought fell within the Commission's exclusive jurisdiction, and the circuit court properly dismissed his complaint on that basis.

¶ 41    *Greenside Properties* guides our reasoning. In that case, the plaintiff property management company sued Peoples Gas, characterizing its claims as civil fraud and deceptive trade practices. *Greenside Properties*, 2017 IL App (1st) 162821, ¶ 3. Greenside alleged that Peoples Gas ignored its requests to terminate gas service at multiple rental properties so the tenants who leased those properties could arrange gas service under their own names. *Id.* ¶ 4. When Greenside refused to pay the gas bills that should have been charged to the tenants, Peoples Gas refused to connect gas service at any of Greenside's any other properties. *Id.* ¶ 7. The circuit court dismissed Greenside's complaint pursuant to section 2-619(a), finding that the Commission had exclusive jurisdiction and Greenside appealed. *Id.* ¶ 8. This court affirmed. *Id.* ¶ 1. We explained that Greenside essentially alleged "a claim of billing the wrong person—Greenside versus the respective tenants—then forc[ed] Greenside to pay those erroneous bills." (Internal quotation marks omitted.) *Id.* ¶ 16. That claim fell within the Commission's exclusive jurisdiction because the Administrative

Code governs whether a gas company must bill a property manager versus a tenant. *Id.* ¶ 17. We also explained that Greenside's prayer for "consequential damages" did not take the case outside the Commission's jurisdiction. *Id.* ¶ 18.

¶ 42 Just as in *Greenside Properties*, this case involves a utility company transferring gas bills that should have gone to tenants—the individual defendants—to another party who was not responsible for those bills—plaintiff—and then refusing to reconnect gas service based on the overdue bills. Like in *Greenside*, that is essentially a billing dispute that falls within the Commission's exclusive jurisdiction regardless of what other damages the plaintiff might allege.

¶ 43 Plaintiff contends that he "does not claim that Nicor charged too much for gas service at Redwood." Rather, he argues that that Nicor (1) "[w]rongfully attributed another customer's charges to his account," (2) "[f]ailed to investigate reported identity theft," and (3) "[t]erminated service at Redwood despite full payment as a coercive collection tactic." The first and third claims fall within the Commission's jurisdiction pursuant to the Administrative Code as explained above. The Commission has exclusive jurisdiction over claims alleging that Nicor billed the wrong person (83 Ill. Adm. Code 280.50(f) (2014)), improperly disconnected gas service (83 Ill. Adm. Code 280.130 (2014)), and should reconnect gas service (83 Ill. Adm. Code. 280.170 (2014)).

¶ 44 Furthermore, plaintiff's complaint did not allege that Nicor committed "fraudulent billing," "coercive collection tactic[s]," or "negligence in investigating identity theft," despite what plaintiff now insists. Those terms appear nowhere in his complaint. Rather, these are after-the-fact recharacterizations of plaintiff's claims in an effort to avoid dismissal. We will not consider plaintiff's arguments that he pled such tort claims. See *Osten v. Northwestern Memorial Hospital*,

2018 IL App (1st) 172072, ¶ 22 (a court reviewing a dismissed complaint does not consider or accept as true unpled facts the plaintiff advances for the first time on appeal).

¶ 45 The cases that plaintiff cites are distinguishable and do not compel reversal. *Flournoy v. Ameritech*, 351 Ill. App. 3d 583, 586 (2004), involved a telephone company that intentionally double-charged prison inmates and their family members for collect calls. *Thomas v. Peoples Gas Light & Coke Co.*, 2011 IL App (1st) 102868, ¶ 22, involved a utility company attempting to collect a debt that had already been discharged in federal bankruptcy proceedings. In those cases, the plaintiffs alleged that the utility companies committed consumer fraud and violated the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2024)). In this case, plaintiff's complaint makes no such allegations. Plaintiff alleges that the *individual defendants* committed identity theft, but his claims against Nicor involve billing and disconnection of gas service, which fall under the Commission's jurisdiction.

¶ 46 Finally, the fact that the circuit court briefly misunderstood the nature of plaintiff's administrative complaint does not compel reversal. It is true that the circuit court initially mischaracterized plaintiff's complaint before the Commission as addressing "billing issues" and later corrected that mischaracterization when plaintiff pointed out that his administrative complaint sought reconnection of gas service at Redwood Court. But we can affirm the circuit court's dismissal on any basis apparent from the record, and we need not adopt the circuit court's reasoning. See *Zibrat v. City of Chicago*, 2025 IL App (1st) 241273, ¶ 23. Accordingly, we affirm the circuit court's dismissal of plaintiff's complaint pursuant to section 2-619(a)(1).

¶ 47                                    III. CONCLUSION

¶ 48    For the foregoing reasons, we deny Nicor's motion to dismiss the appeal, and we affirm

the judgment of the circuit court of Cook County.

¶ 49    Affirmed.

---

***Held v. Stanback*, 2025 IL App (1st) 250307**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 24-M1-014125; the Hon. Aileen Bhandari, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Robert S. Held, of Flossmoor, appellant *pro se*. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | John E. Rooney, M. Gavin McCarty, and Amakie Amattey, of Benesch Friedlander Coplan & Aronoff LLP, of Chicago, for appellee. |

---