# Illinois Official Reports

## Appellate Court

---

### *Rideaux v. Winter*, 2020 IL App (1st) 190646

---

| | |
|---|---|
| Appellate Court Caption | BRITTANY RIDEAUX, Plaintiff-Appellant, v. DONALD WINTER, and THE BOARD OF TRUSTEES OF CHICAGO STATE UNIVERSITY, Defendants (Donald Winter, Defendant-Appellee). |
| District & No. | First District, Fifth Division<br>No. 1-19-0646 |
| Filed | May 1, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 18-L-1435; the Hon. Christopher E. Lawler, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Johanna J. Raimond, of Law Offices of Johanna J. Raimond Ltd., and Susan M. Pavlow, both of Chicago, for appellant.<br><br>Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Maura Forde O'Meara, Assistant Attorney General, of counsel), for appellee. |

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court, with opinion.

Justices Rochford and Delort concurred in the judgment and opinion.

**OPINION**

¶ 1   The plaintiff, Brittany Rideaux, appeals from an order of the circuit court, finding that the Court of Claims has exclusive jurisdiction over her action against the defendant, Donald Winter, for battery and dismissing her action for want of jurisdiction. For the reasons that follow, we reverse the judgment of the circuit court and remand this matter for further proceedings.

¶ 2   The plaintiff filed the instant action against Winter and the Board of Trustees of Chicago State University (Board), seeking damages for physical and nonphysical injuries she is alleged to have sustained on February 13, 2017. In her amended complaint, the plaintiff alleged the following: she was a student at Chicago State University (University) enrolled in a class that was taught by Winter, a professor employed by the University. On February 13, 2017, students in the class were disruptive, and Winter began yelling at them to be quiet. Winter singled out the plaintiff and told her to be quiet. After the plaintiff told him that she had not been speaking, Winter stated that he was going to eject her from the class. He approached the plaintiff, grabbed the desk in which she was sitting, and dragged it several feet. Winter then grabbed the plaintiff by both the collar of her coat and her arm and removed her from her desk. He dragged the plaintiff out of the classroom and pushed her into the hallway. Winter blocked the plaintiff's entry back into the classroom, after which he went to the plaintiff's desk and kicked her belongings onto the floor. The plaintiff alleged that Winter acted within the scope of his employment with the University. The plaintiff's amended complaint contained four counts. Count I was an action for battery against Winter. Counts II, III, and IV were actions against the Board based upon *respondeat superior*, liability predicated on "§ 317 of the Restatement of Torts," and "Negligent Retention," respectively.

¶ 3   Both Winter and the Board filed motions to dismiss pursuant to section 2-619(a)(1) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(1) (West 2016)), contending that the circuit court lacked subject matter jurisdiction over the plaintiff's claims. On March 11, 2019, the circuit court granted both motions and dismissed the plaintiff's action in its entirety. Thereafter, the plaintiff filed a timely notice of appeal from "the order granting Defendant Winter's Motion to Dismiss." No appeal was taken from the order granting the Board's motion to dismiss.

¶ 4   This matter comes to us on appeal from an order granting a motion to dismiss brought pursuant to section 2-619(a)(1) of the Code. The purpose of a motion to dismiss under section 2-619 is to afford a litigant a means to dispose of easily proven issues of law or fact at the outset of an action. See *People v. Philip Morris, Inc.*, 198 Ill. 2d 87, 94 (2001). Section 2-619(a)(1) allows dismissal when the circuit court "does not have jurisdiction of the subject matter of the action." 735 ILCS 5/2-619(a)(1) (West 2016). Our review of an order dismissing an action pursuant to section 2-619 is *de novo*. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993). In conducting that review, we accept as true all well-pleaded facts in the plaintiff's complaint and draw all reasonable inferences from those facts

that are favorable to the plaintiff. *Leetaru v. Board of Trustees of the University of Illinois*, 2015 IL 117485, ¶ 4; *Mackereth v. G.D. Searle & Co.*, 285 Ill. App. 3d 1070, 1074 (1996). Our function is to determine "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." *Kedzie & 103rd Currency Exchange, Inc.*, 156 Ill. 2d at 116-17.

¶ 5 In urging reversal of the order granting Winter's motion to dismiss, the plaintiff argues that the circuit court has subject matter jurisdiction over her battery action against Winter. She contends that, in physically assaulting her, Winter breached a duty owed to the public generally and that he acted beyond the scope of his authority as an employee of the University. She also argues that, in ruling upon Winter's section 2-619(a)(1) motion, the circuit court "erroneously interpreted facts in the light most favorable to Winter." We agree.

¶ 6 Article XIII, section 4, of the Illinois Constitution of 1970 states: "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." Ill. Const. 1970, art. XIII, § 4. Pursuant to that grant of authority, the legislature enacted the State Lawsuit Immunity Act, which provides, in relevant part, that "[e]xcept as provided in *** the Court of Claims Act *** the State of Illinois shall not be made a defendant or party in any court." 745 ILCS 5/1 (West 2016).

¶ 7 Section 8 of the Court of Claims Act provides, in relevant part:

"The [C]ourt [of Claims] shall have exclusive jurisdiction to hear and determine the following matters:

* * *

(d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit, and all like claims sounding in tort against *** the Board of Trustees of Chicago State University ***." 705 ILCS 505/8(d) (West 2016).

¶ 8 The Board is a body politic and corporation created by statute to operate the University. 110 ILCS 660/5-10 (West 2016). As a professor employed by the University, Winter was a state employee. Whether an action is against the State and, therefore, must be brought in the Court of Claims, depends upon the issues involved and the relief sought, not the formal identification of the parties. *Healy v. Vaupel*, 133 Ill. 2d 295, 308 (1990). The prohibition against making the State a party to a suit cannot be evaded by making the suit nominally an action against a State employee when the real claim is one against the State. *Id.*; *Sass v. Kramer*, 72 Ill. 2d 485, 491 (1978). An action, although nominally brought against a State employee, is considered an action against the State where (1) there are no allegations that the State employee acted beyond the scope of his authority through wrongful acts, (2) the duty alleged to have been breached was not owed to the public generally independent of the employee's State employment, and (3) the complained-of acts involve matters ordinarily within the employee's normal and official functions of the State. *Healy*, 133 Ill. 2d at 309; see also *Jinkins v. Lee*, 209 Ill. 2d 320, 330 (2004). However, a state employee is not immunized from suit merely because he was acting within the scope of his employment. *Jinkins*, 209 Ill. 2d at 331 (citing *Currie v. Lao*, 148 Ill. 2d 151, 158-60 (1992)). The immunity from suit in the circuit court provided by section 1 of State Lawsuit Immunity Act (745 ILCS 5/1 (West 2016)) affords no protection to a State employee who is alleged to have violated statutory or constitutional law or to have acted in excess of his authority. *Healy*, 133 Ill. 2d at 308.

¶ 9    The determination of whether a State employee has breached a duty owed to the public independent of his employment is guided by the "source of duty" test established by the supreme court in *Currie*. See *Jinkins*, 209 Ill. 2d at 331. In resolving the question, we look to the source of the duty the employee is charged with breaching. *Currie*, 148 Ill. 2d at 159.

¶ 10    The plaintiff admits both in her complaint and in her brief that Winter committed the alleged battery "during the course of doing his job of teaching a class at *** [the University]" and that he was "acting within the scope of his employment." She argues, however, that in committing the alleged battery, he breached a duty imposed upon him independent of his state employment—namely, the same duty to refrain from committing a battery that is imposed on all persons, regardless of their employment or employer.

¶ 11    Relying upon the University's Faculty Handbook (Handbook), which was attached to his motion, and upon which the plaintiff has also relied, Winter argues that, as a professor teaching a class at the University, he "was responsible for managing his classroom and preserving an orderly environment for the benefit of the students in his class." The Handbook provides that a faculty member may exclude an individual from the classroom who, in the determination of the faculty member, disrupts that class. He concludes, therefore, that any duties he may have breached in removing the plaintiff from the classroom "were not owed independently of the fact of his state employment. Rather, they were owed *as a result of* his state employment." We disagree with Winter.

¶ 12    As noted earlier, the supreme court in *Healy* held that the immunity from suit in the circuit court provided by section 1 of the State Lawsuit Immunity Act (745 ILCS 5/1 (West 2016)) affords no protection "when it is alleged that the State's agent acted in violation of statutory *** law." *Healy*, 133 Ill. 2d at 308. Accepting the allegations in the plaintiff's amended complaint as true and drawing all reasonable inferences from those facts that are favorable to the plaintiff, as we must, the plaintiff has alleged that Winter committed a battery. Battery is a criminal offense in violation of section 12-3 of the Criminal Code of 2012 (720 ILCS 5/12-3 West 2016)), which provides that "[a] person commits battery if he *** knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." The plaintiff alleged that Winter approached her, grabbed the desk in which she was sitting, and dragged it several feet. She also alleged that Winter grabbed her by the collar of her coat and by her arm, removed her from her desk, and dragged her out of the classroom. We believe that the plaintiff's allegations are sufficient to support the inference that Winter committed a battery in violation of statute. Consequently, we reject Winter's contention that any duties he may have breached in removing the plaintiff from the classroom "were not owed independently of the fact of his state employment." We conclude, therefore, that the circuit court has subject matter jurisdiction over the plaintiff's action against Winter. See *Fritz v. Johnston*, 209 Ill. 2d 302, 311-14 (2004).

¶ 13    Based upon the foregoing analysis, we reverse the judgment of the circuit court that granted Winter's section 2-619(a)(1) motion and dismissed the plaintiff's action against him for want of jurisdiction, and we remand this matter to the circuit court for further proceedings consistent with this opinion.

¶ 14    Reversed and remanded.