**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200153-U

Order filed February 9, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| FABIAN SANTIAGO, | ) | Appeal from the Circuit Court |
| | ) | of the 9th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Knox County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-20-0153 |
| | ) | Circuit No. 20-SC-104 |
| ROB JEFFREYS, CHRISTOPHER | ) | |
| MCLAUGHLIN, In Their Official and | ) | |
| Individual Capacities, | ) | Honorable |
| | ) | Curtis S. Lane, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE WRIGHT delivered the judgment of the court.
Presiding Justice McDade and Justice Lytton concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*: The circuit court properly dismissed those portions of plaintiff's small claims complaint requesting monetary damages for past wrongs but erred by dismissing the portions of plaintiff's complaint seeking to enjoin defendants from engaging in future unauthorized or unconstitutional conduct.

¶ 2    The circuit court dismissed plaintiff's *pro se* small claims complaint *sua sponte* for lack of subject matter jurisdiction. Plaintiff appeals and argues the circuit court erroneously found that plaintiff's complaint fell under the exclusive jurisdiction of the Illinois Court of Claims.

¶ 3                    I. BACKGROUND

¶ 4        On February 28, 2020, plaintiff filed a preprinted small claims complaint against defendants, Rob Jeffreys and Christopher McLaughlin, in their official and individual capacities. The face of the *pro se* small claims complaint sought the amount of $10,000, plus costs, "for blatantly [and] systematicaly [*sic*] violating the Plaintiff rights under both State [and] federal law for indigency recognition [and] exemption/taxation to legal copies [and] legal postage, etc., [and] subjecting the Plaintiff to inhumane, cruel [and] unusual punishment via depriving the Plaintiff to [*sic*] basic hygiene needs." Plaintiff included an additional 12-page attachment to his complaint.

¶ 5        The 12-page attachment contained factual allegations identifying defendant, Rob Jeffreys, as the current director of the Illinois Department of Corrections (IDOC), and defendant, Christopher McLaughlin, as the chief administrative officer of the Hill Correctional Center (HCC) in Galesburg, Illinois. The contents of the attachment explained that plaintiff was currently an inmate at HCC. Plaintiff alleged that while incarcerated at HCC, he submitted various legal filings in federal court, and the staff of IDOC and/or HCC assessed charges to plaintiff for the cost of copies and postage related to these federal proceedings. According to plaintiff, the charges resulted in large debts associated with these litigation costs. To satisfy these debts, IDOC and/or HCC staff confiscated certain moneys credited to plaintiff's inmate trust account, including plaintiff's monthly State stipend of $10. Thus, due to the charges, plaintiff lacked sufficient income necessary to procure personal hygiene products from the commissary.

¶ 6        The attachment included allegations that IDOC and/or HCC's current policies, customs, and practices, resulted in improper charges associated with the costs for his legal filings, despite

2

plaintiff's indigent status. As indirect damages, plaintiff alleged he lacked the funds to supplement the small quantity of hygiene products provided to inmates monthly. Plaintiff asserted that "The policies, customs [and] practices of the IDOC/[HCC] *** were personally sanctioned, allowed [and] mandated via defendants Jeffreys and McLaughlin."

¶ 7  In the prayer for relief, as stated in the *pro se* small claims complaint, plaintiff requested: (1) a declaratory judgment finding the customs, policies, and practices of IDOC and/or HCC pertaining to "taxation" for legal copies and postage and inadequate monthly rations of hygiene products were in violation of state and federal law; (2) permanent injunctive relief mandating that IDOC and/or HCC cease and desist from garnishing funds from plaintiff's inmate trust account for costs associated with obtaining copies of legal documents, among other things; (3) permanent injunctive relief mandating that IDOC and/or HCC reimburse plaintiff for any and all funds "deducted or taxed" against plaintiff; (4) permanent injunctive relief mandating that IDOC and/or HCC afford plaintiff adequate monthly rations of personal hygiene products; and (5) $10,000 in damages against defendants for cruel and unusual punishment in violation of state and federal law.

¶ 8  On March 2, 2020, the circuit court *sua sponte* dismissed plaintiff's complaint based on sovereign immunity principles and the exclusive jurisdiction of the Illinois Court of Claims. The record on appeal contains the circuit court's written order that states as follows:

"1.  The Small Claim Complaint filed herein requests money damages against the Illinois Department of Corrections (IDOC) and its employees based upon the actions of IDOC employees.

3

2.　　　That lawsuits for money damages against IDOC and its employees are subject to the exclusive jurisdiction of the Illinois Court of Claims pursuant to the Illinois Court of Claims Act. (See 705 ILCS 505/1, *et Seq.*)."

¶ 9　　　On March 9, 2020, plaintiff filed a motion to reconsider the court's ruling and stated as follows:

"The Plaintiff is fully aware of the fact that the illinois [*sic*] Court of claims holds exclusive juridition [*sic*] over damage awards involving IDOC, however, the Plaintiffs cause of action simply does not seek damage awards against IDOC, but seek declatory [*sic*] [and] injunctive relief in which the Illinois Court of Claims simply does not maintain juridiction [*sic*] in which to impose. The Plaintiffs cause of action is therefore proper before the Circuit Court of Knox County."

¶ 10　　　On March 9, 2020, the circuit court denied plaintiff's motion to reconsider on the same jurisdictional grounds. The circuit court's order denying reconsideration added that "Plaintiff is specifically requesting monetary damages in the amount of $10,000.00, plus costs and same is specifically prayed for on the Small Claim Complaint and paragraph E on page 13 of the type written statement attached to the Small Claim Complaint." Plaintiff appeals.

¶ 11　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 12　　　On appeal, plaintiff argues the circuit court erroneously concluded the entirety of the small claims complaint at issue was subject to the exclusive jurisdiction of the Illinois Court of Claims pursuant to the Court of Claims Act. 705 ILCS 505/1 *et seq*. For purposes of this appeal, plaintiff appears to concede that his claims for monetary damages were not properly before the circuit court. However, in this appeal, plaintiff posits that the portions of his *pro se* complaint

4

relating to declaratory and injunctive relief were not subject to the exclusive jurisdiction of the Illinois Court of Claims and were improperly dismissed, *sua sponte*, by the circuit court.[1]

¶ 13    At the outset, we note that plaintiff's small claims complaint, with proof of service, was filed on Friday, February 28, 2020. The following Monday, March 2, 2020, the circuit court dismissed the complaint *sua sponte*. Due to the circuit court's prompt action, defendants did not have an opportunity to answer the complaint or to file a motion to dismiss plaintiff's complaint in the circuit court. Similarly, plaintiff was not allowed an opportunity to amend the complaint or request the lawsuit to be transferred to another division of the circuit court, other than the small claims division.

¶ 14    On appeal, the named defendants were given an opportunity to file a responsive brief. However, the named defendants have *not* submitted a brief defending the circuit court's dismissal. In such cases, a reviewing court may: (1) advocate for the appellee and sustain the judgment of the circuit court if justice so requires, (2) decide the merits of the case where the record is simple and the issue or issues are easily decided, or (3) reverse the trial court where appellant's brief demonstrates *prima facie* reversible error supported by the record. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976); *Steiner Electric Co. v. Maniscalco*, 2016 IL App (1st) 132023, ¶ 76. We choose to exercise the third option in this appeal.

¶ 15                              A. Subject Matter Jurisdiction

¶ 16    It appears that the circuit court believed it lacked subject matter jurisdiction due to sovereign immunity. On review, "Determining whether sovereign immunity is applicable is a

---

[1]We construe plaintiff's *pro se* complaint to incorporate the allegations contained in the 12-page document plaintiff attached to the preprinted small claims complaint form. *Rodriguez v. Brady*, 2017 IL App (3d) 160439, ¶ 19; see also *Kucinsky v. Pfister*, 2020 IL App (3d) 170719, ¶ 33.

determination as to whether the circuit court has subject matter jurisdiction of the suit." *Pfister*, 2020 IL App (3d) 170719, ¶ 42. Whether the trial court has subject matter jurisdiction to entertain a claim is a question of law subject to *de novo* review. *Crossroads Ford Truck Sales, Inc. v. Sterling Truck Corp.*, 2011 IL 111611, ¶ 26.

¶ 17 The Illinois Constitution provides, "Circuit Courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction." Ill. Const. 1970, art. VI, § 9. However, the State Lawsuit Immunity Act provides that "the State of Illinois shall not be made a defendant or party in any court." 745 ILCS 5/1 (West 2018).

¶ 18 Here, plaintiff levied his complaint against two State officials, individually, and in their official capacities. In this case, there is no question that plaintiff filed this complaint against IDOC and thus, the State, when he named defendants in their official capacities. See 730 ILCS 5/3-2 *et seq*. (West 2018). Obviously, lawsuits naming state officials as defendants in their official capacities are considered suits against the State itself. *Pfister*, 2020 IL App (3d) 170719, ¶ 46.

¶ 19 However, plaintiff also named defendants, Jeffreys and McLaughlin, as individuals. Plaintiff's formal designation of the parties in their individual capacity is not controlling on the issue of sovereign immunity. In some situations, a lawsuit against state officials, *individually*, may qualify as an action directed solely against the State. *Rideaux v. Winter*, 2020 IL App (1st) 190646, ¶ 8; *White v. City of Chicago*, 369 Ill. App. 3d 765, 779 (2006). The legal premise for this proposition is readily apparent and prevents a plaintiff from evading the restrictions of sovereign immunity by naming a State employee individually "when the real claim is one against the State." *Winter*, 2020 IL App (1st) 190646, ¶ 8.

6

¶ 20    To determine whether plaintiff's claim against these named defendants, individually, functions as a claim against the State, reviewing courts consider whether (1) there were allegations that the employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) the actions involve matters ordinarily within the employee's normal and official function of the State. *Id.*; *Robb v. Sutton*, 147 Ill. App. 3d 710, 716 (1986).

¶ 21    Here, plaintiff's complaint does not allege that the individual defendants acted beyond the current policies, customs, and practices of IDOC and/or HCC. The individual defendant's complacency in the administration of such policies is the underlying theory and/or essence of plaintiff's case. For these reasons, we conclude that plaintiff's lawsuit against defendants, *individually*, was the equivalent of a lawsuit solely directed against the State.

¶ 22    There is also no question that the Illinois Court of Claims retains exclusive jurisdiction over lawsuits against the State where the relief sought is the recovery of monetary damages as redress for past wrongs attributable to the State. See *Leetaru v. Board of Trustees of University of Illinois*, 2015 IL 117485, ¶ 51. However, exceptions to the above-stated sovereign immunity principles exist. For example, Illinois courts have "repeatedly reaffirmed the right of plaintiffs to seek injunctive relief in circuit court to prevent unauthorized or unconstitutional conduct by the State, its agencies, boards, departments, commissions and agents or to compel their compliance with legal or constitutional requirements." *Leetaru*, 2015 IL 117485, ¶ 48. In such instances, where plaintiffs seek a prohibition on future conduct, rather than monetary damages for past wrongs, an action may be commenced in the circuit court. *Leetaru*, 2015 IL 117485 ¶¶ 48, 51.

7

Recently, this court succinctly restated these legal principles in *Pfister*, 2020 IL App (3d) 170719.

¶ 23    In this case, in addition to monetary damages, plaintiff sought a declaratory judgment denouncing the customs, policies, and practices of IDOC and/or HCC pertaining to the illegal "taxation" of inmates for the costs of copies of legal documents and postage related to the lawsuits initiated by inmates. Alternatively, plaintiff sought permanent injunctive relief prohibiting IDOC and/or HCC from garnishing an indigent inmate's trust account to obtain reimbursement for these litigation-related charges, among other things.

¶ 24    Such claims for declaratory and injunctive relief are not considered subject to sovereign immunity and may be properly adjudicated in the circuit court. *American Federation of State, County and Municipal Employees, Council 31 v. Ryan*, 347 Ill. App. 3d 732, 745 (2004). The circuit court was mistaken in this regard. Therefore, we conclude that appellant has made a *prima facie* showing of reversible error with respect to the dismissal of those allegations supporting the declaratory and injunctive relief requested.

¶ 25    In addition, it appears plaintiff, acting *pro se*, may have unartfully captioned his initial pleading as a "small claims" complaint. However, such an oversight does not deprive the circuit court of subject matter jurisdiction to transfer the complaint to another division of the circuit court. Further, while the circuit court would not have been in error to dismiss the monetary claims alone, this is not the approach adopted by the circuit court.

¶ 26    Therefore, we affirm the circuit court's order dismissing plaintiff's request for monetary damages for past wrongs as the appropriated relief. These claims must be initiated in the Illinois Court of Claims. However, we reverse the circuit court's dismissal of the claims for injunctive and declaratory relief and remand the matter with directions to allow plaintiff to file an amended

complaint. This approach will allow the parties to control the direction of this lawsuit by providing the various defendants the option of submitting respective answers to the amended complaint or filing motions to dismiss if necessary.

¶ 27                                    III. CONCLUSION

¶ 28         The judgment of the circuit court of Knox County is affirmed in part and reversed in part and this cause is remanded for further proceedings.

¶ 29         Affirmed in part and reversed in part. Cause remanded.