NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240283-U

NO. 4-24-0283

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 8, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| WILLIAM BUCK, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Livingston County |
| JADE CULKIN, ERIN GROOMS, WILLIAM LEE, | ) | No. 22LA32 |
| JACOB DALTON and ANDREW BRYAN, | ) | |
|     Defendants-Appellees. | ) | Honorable |
| | ) | Jennifer Hartmann- |
| | ) | Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Doherty and Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding (1) plaintiff forfeited any issue with the dismissal of his negligence and civil conspiracy claims, (2) plaintiff's medical battery claims were barred by sovereign immunity, and (3) the circuit court did not err in refusing to award plaintiff a default judgment.

¶ 2    Plaintiff, William Buck, an inmate in the custody of the Illinois Department of Corrections, filed a *pro se* complaint seeking to recover damages from defendants, Jade Culkin, Erin Grooms, William Lee, Jacob Dalton, and Andrew Bryan, all of whom worked at Pontiac Correctional Center (Pontiac), for their involvement in administering a medical procedure to him without his consent. The circuit court dismissed the complaint, finding the claims alleged therein were barred by sovereign immunity. Plaintiff appeals, arguing the court erred when it (1) dismissed his complaint and (2) refused to award him a default judgment. For the reasons that follow, we affirm the court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4             In September 2022, plaintiff filed a three-count complaint against defendants alleging claims of medical battery, negligence, and civil conspiracy to commit medical battery. Plaintiff identified defendant Culkin as a nurse, defendant Grooms as a certified nursing assistant, and defendants Lee, Dalton, and Bryan as correctional officers. With respect to his claims of medical battery, plaintiff alleged on September 25, 2021, he was taken to the Pontiac healthcare unit. Defendants, who "worked" at Pontiac, were present in a room with plaintiff. Plaintiff, who "was supposed to go to suicide watch as he was having a crisis due to him being a seriously mentally ill person," "told [a]ll the defendants he did not wany any medical treatment[ ] and was not feeling sick." Defendants "grabbed plaintiff holding him on the bed [where] he couldn't move[ ] and covered his mouth with a hand while sticking a tube into his nose with force." The procedure was attempted "at least [three] times as plaintiff struggled" and was done to access "his stomach." It was "severely painful" to plaintiff and caused him bleeding from the nose and mouth and difficulty breathing. He was transferred to "suicide watch" following the procedure. Based upon these allegations, plaintiff asserted defendants committed the tort of medical battery by holding him down and inserting a tube into his nose without his consent.

¶ 5             In April 2023, counsel from the Office of the Illinois Attorney General filed appearances on behalf of defendants Culkin, Lee, Dalton, and Bryan, as well as a motion for an extension of time to file a response. That same month, plaintiff filed a motion for a default judgment against defendants based upon the absence of a response to his complaint.

¶ 6             In May 2023, the circuit court granted the motion for an extension of time to file a response and denied the motion for a default judgment. The court's docket entry notes (1) "[p]laintiff granted 30 days leave to get service on defendant [Grooms]" and (2) "[a]lias

summons to issue at plaintiff's request." That same month, plaintiff filed a "motion to inform" the court defendant Grooms had been served earlier that year as indicated by a prior docket entry.

¶ 7 In June 2023, defendants Culkin, Lee, Dalton, and Bryan filed a motion to dismiss plaintiff's complaint pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2022)) because (1) it failed to include a medical malpractice affidavit of merit (see *id.* § 2-622) and (2) the claims raised therein were barred by sovereign immunity. They attached to their motion medical records indicating plaintiff was treated on September 25, 2021, for a suspected overdose after he was reportedly seen ingesting 20 white pills and then appeared lethargic and nonresponsive to "direct questions asked" or ammonia inhalants.

¶ 8 In July 2023, plaintiff filed a response to the motion to dismiss, asserting, in part, a medical malpractice affidavit of merit was unnecessary as he was not pursuing claims of "medical malpractice" but rather claims based upon "a total lack of consent." Along with his response, defendant filed a renewed motion for a default judgment against defendant Grooms based upon her failure to respond to his complaint.

¶ 9 In January 2024, the circuit court dismissed plaintiff's complaint, finding the claims raised therein were barred by sovereign immunity. Plaintiff later filed a motion inquiring about the status of his renewed motion for a default judgment, which the court struck "as moot."

¶ 10 This appeal followed.

¶ 11 II. ANALYSIS

¶ 12 On appeal, plaintiff argues the circuit court erred when it (1) dismissed his complaint and (2) refused to award him a default judgment. Defendants Culkin, Lee, Dalton, and Bryan, through counsel from the Office of the Illinois Attorney General, disagree. Defendant Grooms has not taken a position in this appeal.

¶ 13     At the outset, we must address our jurisdiction. The parties contend jurisdiction exists pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) because plaintiff timely appealed from a final judgment dismissing all the claims raised in his complaint. We agree. Although defendant Grooms did not appear or join in the motion to dismiss, our review of the record indicates the circuit court dismissed the complaint in its entirety on the grounds the claims raised therein were barred by sovereign immunity, thereby rendering a final judgment. See *Merritt v. Randall Painting Co.*, 314 Ill. App. 3d 556, 559, 732 N.E.2d 116, 117-18 (2000) (finding an order dismissing a complaint on motion of some, but not all, of the defendants is final and appealable where the grounds for dismissal apply to all the defendants alike). Because plaintiff filed a timely notice of appeal from the final judgment, we have jurisdiction pursuant to Rule 301.

¶ 14     We must also address matters of forfeiture. While plaintiff raised claims of medical battery, negligence, and civil conspiracy in his complaint, he only contests the dismissal of his medical battery and civil conspiracy claims on appeal. Plaintiff took a similar approach in the circuit court after the filing of the motion to dismiss. In fact, not only did plaintiff not address his claims of negligence in his response to the motion to dismiss, but he overtly asserted he was not asserting a "medical malpractice" claim. We find plaintiff has effectively abandoned his claims of negligence and forfeited any issue with their dismissal on appeal. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (requiring the argument section of an appellant's brief to contain "the contentions of the appellant and the reasons therefor, with citation of the authorities *** relied on"); *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 55, 988 N.E.2d 984 ("Where an appeal is from dismissal of multiple counts of the complaint but the appellant only argues certain counts in the brief on appeal, the other counts are not considered as they are deemed forfeited pursuant to [Rule 341(h)(7)]."). We likewise find plaintiff has forfeited any issue with the

dismissal of his civil conspiracy claims. While plaintiff contests the dismissal of those claims on appeal, he fails to provide a developed argument in support thereof. He simply argues "conspiracy to commit [a medical battery is not] protected." This court is not "a repository into which the appellant may dump the burden of argument and research." (Internal quotation marks omitted.) *In re Marriage of Katsap*, 2022 IL App (2d) 210706, ¶ 143, 214 N.E.3d 945; see Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Therefore, on forfeiture grounds, we affirm the circuit court's judgment dismissing plaintiff's negligence and civil conspiracy claims and need not consider those claims further.

¶ 15        We now turn to the circuit court's dismissal of plaintiff's medical battery claims. These claims were dismissed pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2022)). "[A] section 2-619 motion to dismiss admits the sufficiency of the complaint, but asserts an affirmative defense or other matter that avoids or defeats that claim." (Internal quotation marks and citations omitted.) *Illinois Road & Transportation Builders Association v. County of Cook*, 2022 IL 127126, ¶ 10, 204 N.E.3d 189. "In deciding a section 2-619 motion to dismiss, a court is to accept all well-pled facts in the complaint as true and will grant the motion only when it appears that no set of facts could be proved that would allow the plaintiff to recover." (Internal quotation marks omitted.) *Pinkston v. City of Chicago*, 2023 IL 128575, ¶ 22, 234 N.E.3d 735. We review a dismissal pursuant to section 2-619 *de novo*. *Illinois Road & Transportation Builders Association*, 2022 IL 127126, ¶ 10.

¶ 16        The circuit court dismissed plaintiff's medical battery claims upon finding they were barred by sovereign immunity. Sovereign immunity generally prohibits the State of Illinois from being "made a defendant or party in any court." 745 ILCS 5/1 (West 2022); see *Parmar v. Madigan*, 2018 IL 122265, ¶ 19, 106 N.E.3d 1004 ("[T]he General Assembly adopted the State

Lawsuit Immunity Act, reinstituting the doctrine of sovereign immunity."). This prohibition "cannot be evaded by making the suit nominally an action against a State employee when the real claim is one against the State." *Rideaux v. Winter*, 2020 IL App (1st) 190646, ¶ 8, 155 N.E.3d 1120.

¶ 17    A claim, although nominally brought against a State employee, is considered a claim against the State "when (1) there are no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts, (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment, and (3) the actions complained of involve matters ordinarily within that employee's normal and official functions for the State." *Kucinsky v. Pfister*, 2020 IL App (3d) 170719, ¶ 51, 162 N.E.3d 426.

¶ 18    In this case, plaintiff alleged defendants were involved in the administration of a medical procedure to him against his expressed wishes and, therefore, were each personally liable for medical battery. Critically, the claims plaintiff alleged against each defendant were based upon the same allegations. That is, plaintiff alleged each defendant breached the same duty by committing a medical battery. Any duty applicable to all defendants to assist in the medical procedure necessarily arose solely from their State employment. Indeed, the correctional officer defendants would have no duty to assist in the procedure outside their employment as correctional officers. Throughout these proceedings, plaintiff has attempted to avoid sovereign immunity by asserting defendants had an independent duty not to commit a battery. Plaintiff, however, asserted claims of medical battery in his complaint, not battery. *C.f. Rideaux*, 2020 IL App (1st) 190646, ¶ 12. Plaintiff also, for the first time on appeal, attempts to avoid sovereign immunity with respect to the medical personnel defendants by asserting those defendants had an independent duty as nurses not to commit a medical battery. Plaintiff, however, did not allege the medical personnel

defendants breached such a duty in his complaint. Plaintiff's attempts to avoid sovereign immunity, thus, fail. We note plaintiff does not dispute defendants acted within the scope of their authority and their actions involved matters ordinarily within their normal and official functions for the State. Therefore, we conclude the circuit court correctly found plaintiff's medical battery claims were barred by sovereign immunity.

¶ 19 Finally, we turn to the circuit court's refusal to award plaintiff a default judgment. A court may enter a default judgment "for want of an appearance, or for failure to plead, but the court may in either case, require proof of the allegations of the pleadings upon which relief is sought." 735 ILCS 5/2-1301(d) (West 2022). Furthermore, "[a]lthough the court may enter a default judgment for want of an appearance, a default judgment is a drastic measure, not to be encouraged and to be employed only as a last resort." *Dupree v. Hardy*, 2011 IL App (4th) 100351, ¶ 57, 960 N.E.2d 1. The decision to grant or deny a motion for default judgment "will not be disturbed absent an abuse of the court's discretion." *Id.* ¶ 51. A court "abuses its discretion when it acts arbitrarily without the employment of conscientious judgment or if its decision exceeds the bounds of reason and ignores principles of law such that substantial prejudice has resulted." (Internal quotation marks omitted.). *Id*.

¶ 20 In this case, we cannot say the circuit court abused its discretion in refusing to award plaintiff a default judgment. The record shows counsel appeared for defendants Culkin, Lee, Dalton, and Bryan shortly before plaintiff filed his initial motion for a default judgment and then filed a motion for extension providing an explanation for counsel's delay in filing a response, an explanation which plaintiff has not addressed. Additionally, at the time of the initial motion there appears to have been uncertainty with whether defendant Grooms had been served. Indeed, the court's docket entry indicates an alias summons would be issued at "plaintiff's request." While

plaintiff later renewed his request for a default judgment, the court elected to rule on all the claims rather than resorting to the drastic measure of issuing a default judgment, a decision which does not constitute an abuse of discretion. See *id.* ¶ 59. Therefore, we conclude the circuit court did not err in refusing to award plaintiff a default judgment.

¶ 21　　　　In so concluding, we note plaintiff has argued for the application of a *de novo* standard of review. The case law he cited, however, does not support his position. See *Gonzalez v. Profile Sanding Equip., Inc.*, 333 Ill. App. 3d 680, 776 N.E.2d 667 (2002) (cited by plaintiff). Without more, plaintiff's argument fails.

¶ 22　　　　　　　　　　　III. CONCLUSION

¶ 23　　　　For the reasons stated, we affirm the circuit court's judgment.

¶ 24　　　　Affirmed.