2025 IL App (1st) 241602-U

No. 1-24-1602

Order filed August 6, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| RUBEN SANTOYO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| PEOPLES GAS LIGHT AND COKE COMPANY and | ) | No. 24 M5 1736 |
| THE ILLINOIS COMMERCE COMMISSION, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (Peoples Gas Light and Coke Company, Defendant- | ) | Nicole Castillo, |
| Appellee). | ) | Judge, presiding. |

JUSTICE REYES delivered the judgment of the court.
Justices Martin and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1   *Held*: We affirm the circuit court's dismissal order where the Illinois Commerce Commission had exclusive jurisdiction over plaintiff's complaint.

¶ 2   Plaintiff Ruben Santoyo appeals from the circuit court's order granting defendant Peoples

Gas Light and Coke Company's (Peoples Gas) motion to dismiss his complaint pursuant to section

2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2024)) for failure to exhaust administrative remedies before the Illinois Commerce Commission (ICC). On appeal, plaintiff argues that the court erred in dismissing his complaint because his claims are properly within the jurisdiction of the circuit court and do not fall within the ICC's exclusive jurisdiction. We affirm.

¶ 3    As an initial matter, we note that the record on appeal does not include a report of proceedings or an acceptable substitute. Although plaintiff drafted a bystander's report in lieu of a transcript of proceedings, that report was not certified by the circuit court as supreme court rules require. See Ill. S. Ct. R. 323(c) (eff. July 1, 2017) (only a certified bystander's report shall be included in the record on appeal). We glean the following facts from the common law record.

¶ 4    On February 29, 2024, plaintiff filed a complaint in the circuit court of Cook County against defendants Peoples Gas and the ICC, alleging he was improperly billed for natural gas services. Plaintiff claimed that beginning in 2021, he "noticed irregularities in his gas usage." He contacted Peoples Gas for assistance, but "the problem persisted." Plaintiff then contacted the ICC. His complaint states, "In subsequent communications with ICC and Peoples Gas representatives, Plaintiff highlighted discrepancies in gas usage data provided by the utility company and expressed frustration with the lack of resolution."

¶ 5    In his complaint, plaintiff asserted four causes of action: breach of contract for "failing to provide accurate billing statements and resolve disputes regarding gas usage and charges," "consumer protection violations," negligence, and fraud. He sought monetary damages for "compensation for financial losses, additional expenses incurred, emotional distress, and other damages," as well as correction of billing errors and injunctive relief ordering defendants "to cease

deceptive practices, provide accurate billing statements, and comply with all applicable laws and regulations."

¶ 6    Plaintiff attached five exhibits to his complaint. Exhibit A was an email dated September 19, 2023, in which an ICC representative informed plaintiff that Peoples Gas was trying to reach him to resolve his complaint and advised him to speak to the company. On September 21, 2023, plaintiff replied that he had noticed a "discrepancy" in his gas bills that "raise[d] concerns about the accuracy of the gas meter" and asked for "insights and suggestions on how to proceed with [his] claim." Exhibit B was a Peoples Gas bill dated August 30, 2022, reflecting a monthly gas service total of $65.59 and a total balance due of $2,718.82. Exhibit C was a bill from Commonwealth Edison dated August 25, 2023, reflecting a monthly electric service total of $11.21 and a total balance due of $307.47. Exhibit D was a printout of plaintiff's Peoples Gas account comparing his gas bill from August 30, 2022, with his bill from August 30, 2023, and reflecting a total amount due of $4,706.84 as of August 30, 2023.

¶ 7    Exhibit E was an email exchange between plaintiff and the ICC representative that included the representative's September 19, 2023, email contained in Exhibit A. The exchange showed that on October 16, 2023, plaintiff wrote, "Have you had the time to make a comparison yet?" On October 17, 2023, the representative again told plaintiff that Peoples Gas was trying to reach him and asked for his phone number. An hour later, the representative sent another email stating Peoples Gas was trying to reach plaintiff and directing him to speak to the company. On October 18, 2023, plaintiff replied that he had spoken to a Peoples Gas representative, but "she was also having a hard time deciphering my inquiries. After being on the phone with her for about an hour,

she mentioned that if I wished to escalate this matter with you, it's within my rights." The record contains no response from the ICC. On December 21, 2023, plaintiff emailed, "So?"

¶ 8     Peoples Gas filed a motion to dismiss plaintiff's complaint pursuant to section 2-619 of the Code, listing both itself and the ICC in the caption of the motion. It requested that the circuit court "dismiss the entire complaint" because the ICC had exclusive jurisdiction over rate and billing disputes and plaintiff had failed to exhaust administrative remedies. The record does not reflect an appearance by the ICC. Plaintiff filed a response, arguing his claims extended beyond the ICC's exclusive jurisdiction. In reply, Peoples Gas repeated its jurisdictional arguments and further asserted plaintiff's complaint failed to adequately state a cause of action.

¶ 9     On June 25, 2024, the circuit court granted the motion to dismiss. In its written order, the court stated "Defendant Peoples Gas'[s] motion to dismiss is hereby granted without prejudice, as plaintiff failed to follow administrative remedies. The motion is hereby granted until the plaintiff exercises and exhausts such administrative remedies." Plaintiff appeals.

¶ 10     Prior to briefing in this court, Peoples Gas filed a motion to dismiss the appeal, arguing the circuit court's June 25, 2024, order is not final and appealable because it was entered "without prejudice." This court denied the motion, noting " 'the effect of a dismissal order is determined by its substance, and not by the incantation of any particular magic words' " (*Schal Bovis, Inc. v. Casualty Insurance Co.*, 314 Ill. App. 3d 562, 568 (1999)). *Santoyo v. Peoples Gas Light & Coke Co.*, 1-24-1602 (Jan. 15, 2025) (unpublished disposition order). We explained:

> "The circuit court's order here, based on the motion of Peoples Gas, was clearly based on its finding that [plaintiff] could not file a claim in the circuit court, other than one for

- 4 -

administrative review, because of the exclusive jurisdiction of the [ICC]. That may well be correct, but its finding to that effect is a final and appealable order." *Id.*

¶ 11    On appeal, plaintiff argues that his causes of action do not fall within the ICC's exclusive jurisdiction and that he had exhausted administrative remedies.

¶ 12    Peoples Gas responds this court lacks jurisdiction because the circuit court entered no orders as to its codefendant ICC, and because the circuit court's written order was issued "without prejudice" and "contemplated a further pleading after Plaintiff exhausted remedies." In the alternative, it argues that the circuit court properly dismissed the complaint.

¶ 13    This court has jurisdiction to consider the appeal. Peoples Gas requested that the circuit court "dismiss the entire complaint" for lack of jurisdiction, and the circuit court did just that. No appearance or motion by the ICC was required. Indeed, a court may raise the issue of subject matter jurisdiction *sua sponte* at any time, as lack of subject matter jurisdiction deprives it of all power except to dismiss the action. See *Brandon v. Bonell*, 368 Ill. App. 3d 492, 501-02 (2006); see also *J & J Ventures Gaming, LLC v. Wild, Inc.*, 2016 IL 119870, ¶¶ 16-17, 38 (upholding appellate court's reversal of circuit court's judgment where Illinois Gaming Board had exclusive jurisdiction over the matter, although no party challenged circuit court's subject matter jurisdiction). Because the complaint was dismissed in its entirety for lack of subject matter jurisdiction, there are no surviving claims against the ICC, and no written Rule 304(a) finding was required for plaintiff to appeal. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016) (an appeal from a final judgment as to fewer than all parties requires a written finding from the trial court).

¶ 14    Second, we reiterate our earlier determination that the fact the circuit court wrote the words "without prejudice" is not dispositive of the question of jurisdiction. *Santoyo v. Peoples Gas Light*

*& Coke Co.*, 1-24-1602 (Jan. 15, 2025) (citing *Schal Bovis*, 314 Ill. App. 3d at 568). As mentioned, the circuit court dismissed plaintiff's complaint for lack of jurisdiction after determining plaintiff had failed to exhaust administrative remedies before the ICC. This was a final and appealable judgment.

¶ 15    On appeal, the only issue before this court is whether the circuit court correctly determined that it lacked jurisdiction over plaintiff's February 29, 2024, complaint. See *Nestle USA, Inc. v. Dunlap*, 365 Ill. App. 3d 727, 731 (2006) (on appeal from order granting a motion to dismiss, this court reviewed only the circuit court's determination that it lacked jurisdiction over the claim).

¶ 16    Section 2-619(a)(1) of the Code of Civil Procedure provides for involuntary dismissal of a complaint where the circuit court lacks jurisdiction over the subject matter of the action. 735 ILCS 5/2-619(a)(1) (West 2024). We review a circuit court's dismissal order pursuant to section 2-619 *de novo*. *Rideaux v. Winter*, 2020 IL App (1st) 190646, ¶ 4. On review, our task is to determine whether a genuine issue of material fact should have precluded the dismissal or, absent an issue of fact, whether dismissal is proper as a matter of law. *Id.* We accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff. *Id.*

¶ 17    The Public Utilities Act vests the ICC with exclusive jurisdiction to review complaints regarding "any rate or other charge of any public utility" and empowers the ICC to order a utility to make reparations. 220 ILCS 5/9-252 (West 2024); see also *Sheffler v. Commonwealth Edison Co.*, 2011 IL 110166, ¶¶ 41-42. A claim falls within the ICC's exclusive jurisdiction if the nature of the relief sought is reparations for unjust rates, excessive charges, or inadequate service. *Id.* ¶¶ 42, 54-55. This is true even where a claim is labeled as fraud or breach of contract where "the

essence of the claim is that a utility has charged too much for the service provided." *City of Chicago ex rel. Thrasher v. Commonwealth Edison Co.*, 159 Ill. App. 3d 1076, 1079-80 (1987).

¶ 18    By contrast, the circuit court may assert jurisdiction over well-pled claims that a utility has wronged a plaintiff in other ways. See, *e.g.*, *Thomas v. Peoples Gas Light & Coke Co.*, 2011 IL App (1st) 102868, ¶¶ 15, 22 (circuit court had jurisdiction over claim that utility unlawfully attempted to collect a debt after discharge in bankruptcy); *Flournoy v. Ameritech*, 351 Ill. App. 3d 583, 586 (2004) (same, over claim that prison telephone service fraudulently collected multiple charges for calls); *Sutherland v. Illinois Bell*, 254 Ill. App. 3d 983, 993 (1993) (same, over claim that utility charged for services that were not ordered).

¶ 19    Here, plaintiff asserted causes of action for breach of contract, unspecified "consumer protection violations," negligence, and fraud. However, each of these claims arises from his vague allegation of "irregularities" in his gas bills. The relief he requested—including financial compensation, "[c]orrection of billing errors," and an injunction to "cease deceptive practices" and "provide accurate billing statements"—amounts to reparations for improper billing. Although plaintiff uses the language of fraud and deception, the essence of his complaint remains, in the words of our supreme court, that Peoples Gas "charged too much." See *Sheffler*, 2011 IL 110166, ¶ 42. If the essence of plaintiff's complaint was that Peoples Gas had "done something else to wrong" him, then his claim would be for civil damages over which the circuit court would have jurisdiction. *Id*. But because the nature of the relief he sought was reparations for unjust rates, excessive charges, or inadequate service, plaintiff's complaint falls within the exclusive jurisdiction of the ICC. See *id.* ¶¶ 41-42, 54-55.

¶ 20    Plaintiff maintains that he exhausted the administrative remedies available to him by contacting the ICC. He argues its lack of response to his emails "left him without an effective administrative remedy, justifying his recourse to the courts."

¶ 21    Under the "exhaustion doctrine," a party generally cannot seek review of an administrative decision without first pursuing all available administrative remedies. *Goral v. Dart*, 2020 IL 125085, ¶ 37. Where the ICC has exclusive jurisdiction, it is axiomatic that a plaintiff must exhaust the ICC's administrative remedies before he may request relief in the circuit court. *Sutherland*, 254 Ill. App. 3d at 990.

¶ 22    ICC regulations prescribe procedures for a customer to pursue complaints against a utility. A customer may file an informal complaint. 83 Ill. Adm. Code § 200.160 (eff. May 30, 1986). An informal complaint may be oral or in writing and must include a concise statement of facts, the specific relief requested, and the name and contact information of both the complaining person and the person against whom the complaint is made. *Id.* Although the ICC investigates and attempts to resolve informal complaints without formal action, the customer still has the right to file a formal complaint. *Id.*

¶ 23    A formal complaint must be in writing and verified and requires more detail. 83 Ill. Adm. Code § 200.170 (eff. Oct. 15, 2000). A customer who files a formal complaint has access to discovery and, if the complaint is not resolved through other means, an evidentiary hearing before the ICC. See generally 83 Ill. Adm. Code 200. Subparts C-E (prescribing hearing procedures). Once the ICC issues an order or decision on the formal complaint, the customer may appeal directly to the appellate court. 220 ILCS 5/10-201(a) (West 2024).

¶ 24    The exhibits attached to plaintiff's complaint show that plaintiff exchanged emails with an ICC representative, who requested his phone number and advised him that Peoples Gas was attempting to reach him without success. Plaintiff did not provide his phone number and responded that he had already spoken to a Peoples Gas representative, who "mentioned that if I wished to escalate this matter with you, it's within my rights." Two months later, plaintiff emailed again, "So?"

¶ 25    Plaintiff did not exhaust the ICC's administrative remedies with this email exchange. Although plaintiff told the representative he "noticed irregularities in [his] gas usage," he did not explain what the irregularities were, how Peoples Gas was responsible, or what he wanted the ICC to do. He did not, therefore, concisely state the facts or request any specific relief as required for an informal complaint. See 83 Ill. Adm. Code § 200.160 (eff. May 30, 1986). Further, no evidence suggests plaintiff ever filed a formal complaint with the ICC, or that the ICC issued any order or decision in the matter. Plaintiff does not argue that any exception to the exhaustion doctrine applies, such as exhaustion of one of multiple remedies available, or where the pursuit of an administrative remedy would be futile. See *Castaneda v. Illinois Human Rights Comm'n*, 132 Ill. 2d 304, 308-09 (1989) (listing recognized exceptions to the exhaustion doctrine). The circuit court thus properly dismissed plaintiff's complaint for this reason, as well.

¶ 26    For these reasons, we affirm the circuit court's dismissal of plaintiff's action.

¶ 27    Affirmed.